

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| DR. RABBI K. A. ISRAEL, CONSULAR ATTY., BROTHER OF, AND THE GUARDIAN FOR, MS. BEATRICE DEMETRICE GARTH, P.O. BOX 803241, CHICAGO, ILLINOIS, 60680-3241 TELE.#: (773)-469-8132　　　　PLAINTIFF, | COMPLAINT FOR VIOLATIONS OF 42 U.S.C. ss 1983, AND A.B.A. MODEL RULES OF PROF. CONDUCT, RULE(S): 3.7(a); MIS-APPROPRIATION, TITLE 42; CHAPTER (21), SUBCH. (I), ss 1985; PARA. (2): OBSTRUCTING JUSTICE, AND INTIMIDATING PARTY AND WITNESS, ET AL., SUP. COURT OF ILL. RULES OF PROF. CONDUCT: RULE 8.4; MISCONDUCT: 8.4(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (9)(A) ET AL., |
| VERSUS | |
| THOMAS M. LAKE, ATTORNEY AT LAW, 100 EAST COOK AVENUE, 2ND. FLOOR, LIBERTYVILLE, ILLINOIS, 60048 TELE. #: (847)-362-5385　　　　DEFENDANT, | |
| AND THE INSURERS OF THOMAS MARTIN LAKE, ATTORNEY AT LAW, 30 NO. LASALLE STREET, SUITE 2800, CHICAGO, ILLINOIS, 60602 TELEPHONE: (312)-263-6300　　　　DEFENDANT, | 07CV 6609 JUDGE LEFKOW MAGISTRATE JUDGE MASON |
| **RECEIVED** NOV 2 6 2007 nov 26 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT | DAMAGES CLAIMED: $2,777,000.00 TWO-MILLION-SEVEN-HUNDRED AND SEVENTY-SEVEN THOUSAND DOLLARS; U.S. CURRENCY. |
| JURY TRIAL DEMANDED UNDER, AND PURSUANT TO, F.R.C.P. (38): JURY TRIAL OF RIGHT; (a), (b), (c) AND F.R.C.P. (40): ASSIGNMENT OF CASES FOR TRIAL, AND THE SEVENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA, ET AL.. | DISTRICT COURT JURISDICTION: 28 U.S.C. ss 1343(a)(1), (a)(2), (a)(3), (a)(4); CIVIL RIGHTS & ELECTIVE FRANCHISE, ARTICLE (III): ss (1) & (2), ARTICLE (IV) ss (1) & (2), ART. (VI): PARA. (2) & (3), AND AMENDMENT(S) (I), (IV), (V), (VI), (VII), (VIII), (IX), (X), (XIV): ss (1), & (XV) OF THE U.S. CONST., & 28 U.S.C. ss 1331, VENUE: 28 U.S.C. ss 1391a-c. |

1-14.

COMES NOW THE PLAINTIFF, DR. RABBI K. A. ISRAEL, ALSO KNOWN AS DR. RABBI K. GARTH RICHARDSON, TO PRAY FOR LEAVE OF THE COURT TO FILE THE INSTANT COMPLAINT, AND TO PRAU FOR LEAVE OF THE COURT TO GRANT PERMISSION FOR THE INSTANT COMPLAINT TO PROCEED IN-FORMA-PAUPERIS. HEREIN, THE PLAINTIFF CHARGES, CLAIMS, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF HIS FIDUCIARY RESPONSIBILITY AGAINST AGAINST DR. RABBI K. A. ISRAEL, CAUSING INJURIES TO THE PLAINTIFF.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF <u>42 U.S.C. ss 1983</u>, AGAINST DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF <u>TITLE 42; CHAPTER (21); SUBCHAPTER (I); ss 1985; PARAGRAPHS (2) AND (3)</u> AGAINST DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF <u>TITLE 15; COMMERCE AND TRADE; CHAPTER (1); MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE; SECTION (13); DISCRIMINATION IN PRICE, SERVICES, OR FACILITIES; (a) PRICE; SELECTION OF CUSTOMERS</u>, CAUSING INJURIES TO THE PLAINTIFF.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT UNDER, AND PURSUANT TO, TITLE <u>15 CH. (1) ss 13(b);</u> THE "<u>BURDEN OF REBUTTING PRIMA-FACIE CASE OF DISCRIMINATION</u>," IS, UPON THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS <u>IN VIOLATION OF THE A.B.A. MOD. RULES OF PROF. CONDUCT,</u>

RULE(S) 3.7(a); MIS-APPROPRIATION, AND THE SUPREME COURT OF (THE STATE OF) ILLINOIS RULES OF PROFESSIONAL CONDUCT; RULE(S): 8.4; MISCONDUCT: 8.4(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), AND 9(A), THEREBY AND THEREFROM CAUSING INJURIES UPON THE PERSON AND THE PROPERTY OF THE PLAINTIFF, DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE LAW PROVIDES FOR THE PLAINTIFF TO FILE THIS CIVIL LAWSUIT, TO SEEK A REDRESS OF GRIEVANCES, AND TO SEEK MONETARY DAMAGES FROM THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, AND TO SEEK MONETARY DAMAGES FROM THE INSURERS OF THOMAS M. LAKE, ATTORNEY AT LAW, UNDER, AND PURSUANT TO 28 U.S.C. ss 1343; CIVIL RIGHTS AND ELECTIVE FRANCHISE: (a), (a)(1), (a)(2), (a)(3), (a)(4), AND UNDER, AND PURSUANT TO, 28 U.S.C. ss 1357; INJURIES UNDER FEDERAL LAWS.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE LAW UNDER, AND PURSUANT TO, TITLE 15, CH. (1) SECTION (15): SUITS BY PERSONS INJURED: (a): PREJUDGMENT INTEREST, PROVIDES FOR THE FILING OF THIS CIVIL LAWSUIT IN THE INSTANT DISTRICT COURT, BY THE PLAINTIFF, TO SEEK REDRESS OF GRIEVANCES, AND TO SEEK MONETARY DAMAGES FROM THOMAS M. LAKE, ATTORNEY AT LAW, AND TO SEEK MONETARY DAMAGES FROM THE INSURERS OF SAID DEFENDANT.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF 42 U.S.C. SECTION 1981; EQUAL RIGHTS UNDER THE LAW: (a): STATEMENT OF EQUAL RIGHTS, (b) "MAKE AND ENFORCE CONTRACTS" DEFINED, (c): PROTECTION AGAINST IMPAIRMENT, AND THAT SAID DEFENDANT ALSO VIOLATED 42 U.S.C. SECTION 1982; PROPERTY RIGHTS OF CITIZENS, AND THEREBY CAUSED INJURIES TO THE PERSON AND TO THE PROPERTY OF DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF <u>ARTICLE (III) SECTION (1) & (2)</u>, <u>ARTICLE (IV) SECTION(S) (1) & (2)</u>, <u>ARTICLE (VI) PARAGRAPH(S) (2) & (3)</u>, AND <u>AMENDMENT(S) (I), (IV), (V), (VI), (VII), (VIII), (IX), (X), (XIII), (XIV): SECTION (1), AND (XV) TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA</u>, ET AL., CAUSING INJURIES TO THE PERSON AND TO THE PROPERTY OF THE PLAINTIFF.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, PRAYS FOR LEAVE OF THE COURT FOR A JURY TRIAL FOR ALL OF THE ISSUES SO TRIABLE UNDER, AND PURSUANT TO, <u>F.R.C.P. (38) JURY TRIAL OF RIGHT</u>, <u>(a): RIGHT PRESERVED</u>, <u>(b): DEMAND</u>, (c) SAME: SPECIFICITY OF ISSUES, AND UNDER, AND PURSUANT TO, <u>F.R.C.P. (40): ASSIGNMENT OF CASES</u> FOR TRIAL (1), (2), AND (3).

IN FURTHERANCE OF SAID PRAYERS FOR LEAVE OF THE COURT, AND IN SUPPORT OF SAID CLAIMS, CHARGES, AND COMPLAINTS, THE PLAINTIFF FURTHER STATES:

(1.) ON SEPTEMBER 05, 2007, <u>THE HONORABLE JUDGE R. CASTILLO</u>, OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, UPON THE MOTION BY THE PLAINTIFF IN THE INSTANT ACTION, DR. RABBI K. A. ISRAEL, FOR THE APPOINTMENT OF PROFESSIONAL LEGAL COUNSEL UNDER, AND PURSUANT TO, <u>THE EQUAL PROTECTION OF THE LAWS CLAUSE, SECTION (1), OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA</u>, GRANTED THE APPOINTMENT OF PROFESSIONAL LEGAL COUNSEL THROUGH THE DISTRICT COURT'S <u>"ANONYMOUS ATTORNEY APPOINTMENT SYSTEM,"</u> IN CIVIL ACTION <u>NUMBER: 1:07-CV-04702.</u>

4.

(2.) ON SEPTEMBER 07, 2007, THE PLAINTIFF, DR. R. ISRAEL, RESPONDED TO A "VOICE-MAIL TELEPHONE MESSAGE" FROM THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, WHICH STATED THAT THE DEFENDANT HAD BEEN APPOINTED LEGAL COUNSEL FOR THE PLAINTIFF, DR. ISRAEL, AND AS LEGAL COUNSEL FOR THE PLAINTIFF'S SISTER AND WARD, MS. BEATRICE DEMETRICE GARTH.

(3.) ON SEPTEMBER 07, 2007, DR. RABBI K. A. ISRAEL, RETURNED THE TELEPHONE CALL TO ATTORNEY THOMAS M. LAKE, AT WHICH TIME, THE DEFENDANT ASKED THE PLAINTIFF TO EXPLAIN THE CIRCUMSTANCES OF THE CIVIL ACTION WHICH WAS THEN BEFORE THE HONORABLE JUDGE RUBEN CASTILLO.

(4.) IN RESPONSE TO THE PLAINTIFF'S EXPLAINATIONS, THE DEFENDANT, ATTORNEY THOMAS M. LAKE, STATED THAT HE WAS "NOT FAMILIAR WITH THE FEDERAL CONSTITUTION." THE DEFENDANT STATED THAT HE WAS "NOT FAMILIAR WITH THE FEDERAL STATUTES." THE THE DEFENDANT, ATTORNEY THOMAS M. LAKE, STATED THAT HE WAS "NOT FAMILIAR WITH THE FEDERAL COURT'S SYSTEMS," THE DEFENDANT THE DEFENDANT STATED THAT "THE FEDERAL COURT'S SYSTEMS WERE MUCH MORE 'TECHNICAL' AND 'COMPLICATED;' THAN THE CIRCUIT COURT'S SYSTEMS."

(5.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, MADE FALSE AND MISLEADING COMMUNICATIONS ABOUT THE LAWYER, HIMSEL, AND THE LAWYER'S SERVICES. AND THAT HE, THE DEFENDANT, ATTORNEY THOMAS M. LAKE, MADE MATERIAL MIS-REPRESENTATIONS OF THE FACTS AND LAW, AND THAT HE OMITTED FACTS NECESSARY TO MAKE THE STATEMENTS, AS A WHOLE, MATERIALLY MIS-LEADING.

(6.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, CREATED CREATED UNJUSTIFIED EXPECTATIONS ABOUT THE RESULTS THAT HE COULD ACHIEVE, AND THAT HE STATED AND IMPLIED THAT HE COULD ACHIEVE RESULTS BY MEANS WHICH VIOLATE THE FEDERAL LAWS AND RULES AND BY MEANS WHICH VIOLATE THE STATE OF ILLINOIS LAWS AND RULES.

(7.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, COMPARED HIS LAWYERS' SERVICES WITH OTHER LAWYER'S SERVICES WHEN THE COMPARISON COULD NOT BE FACTUALLY SUBSTANTIATED.

(8.) AT THE CONCLUSION OF THE TELEPHONE CONVERSATION ON SEPTEMBER 07, 2007, THE PLAINTIFF, DR. RABBI K. A. ISRAEL, AND THE DEFENDANT, ATTORNEY THOMAS M. LAKE, AGRRED TO MEET AT THE OFFICES OF THE DEFENDANT WHICH ARE LOCATED AT <u>30 NO. LASALLE ST., SUITE 2800, CHICAGO, ILLINOIS, 60602, AT 3:00 P.M., SEPT. 11, 2007</u>. SAID MEETING LASTED FOR APPROXIMATELY (90) NINETY MINUTES, WITH STATEMENTS AND COMMUNICATIONS THE SAME AS HAVE BEEN DESCRIBED HERE-TO-FORE, AND AS WILL BE DESCRIBED HERE-IN-AFTER.

(9.) ON SEPTEMBER 27, 2007, DR. RABBI K. A. ISRAEL, THE PLAINTIFF, FILED A <u>"MOTION FOR THE APPOINTMENT OF AN EXPERT FEDERAL CONSTITUTION AND FEDERAL STATUTE ATTORNEY,"</u> AND TO THANK THE HONORABLE JUDGE RUBEN CASTILLO FOR THE APPOINTMENT OF A PERSONAL INJURY ATTORNEY, THE DEFEDNANT, ATTORNEY THOMAS M. LAKE, THE HEARING WAS SCHEDULED FOR SEPTEMBER 26, 2007, AT 9:45 A.M..

(10.) AT THE HEARING, THE HONORABLE JUDGE RUBEN CASTILLO REMINDED THE PLAINTIFF, DR. RABBI K. A. ISRAEL, THAT THE "SYSTEMS USED BY THE DISTRICT COURT FOR THE APPOINTMENT OF LEGAL COUNSEL IS AN ANONYMOUS ATTORNEY APOINTMENT SYSTEM." THE COURT ORDERED "EXPEDITED DISCOVERY." THE PLAINTIFF'S "MOTION FOR THE APPOINTMENT OF AN 'EXPERT FEDERAL CONSTITUTION AND FEDERAL STATUTE ATTORNEY,' " WAS DENIED. THE DEFENDANT STATED IN COURT THAT HE HAD NOT YET DONE ANY WORK ON THE PLAINTIFFS' CIVIL ACTION. THE PLAINTIFF, DR. RABBI K. A. ISRAEL, FILED AN ORAL PETITION WITH THE COURT OF THE HONORABLE JUDGE RUBEN CASTILLO, SEEKING TO HAVE SANCTIONS BROUGHT AGAINST "THE LEGAL COUNSEL FOR THE DEFENDANTS FOR FAILURE TO APPEAR, " IN RESPONSE TO THE NUMEROUS "NOTICES OF LAWSUIT, AND NOTICES OF MOTIONS," WHICH HAD BEEN SERVED UPON THE DEFENDANTS, BY THE PLAINTIFF HIMSELF, SINCE THE COMMENCEMENT OF THE CIVIL ACTION ON AUGUST 20, 2007.

THE HONORABLE JUDGE RUBEN CASTILLO GRANTED THE PLAINTIFF'S ORAL MOTION UNDER THE HEADING OF "PLAINTIFF'S ORAL MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT."

(11.) IN RESPONSE TO A COMPLAINT FILED BY THE PLAINTIFF, DR. RABBI K. A. ISRAEL, ON @ OCTOBER 16, 2007, WITH THE OFFICES OF THE ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, COMPLAINT NUMBER: (07-CI-4727); WITH THE SENIOR LEGAL COUNSEL ALTHEA K. WELSH, THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, WROTE:

> "I AM A MEMBER OF THE ILLINOIS STATE BAR AS WELL AS THE FEDERAL TRIAL BAR. ON OCCASION, I HAVE BEEN APPOINTED TO REPRESENT PRO-SE LITIGANTS IN THE FEDERAL DISTRICT COURT. ON SEPTEMBER 07, 2007, I WAS 'PERSONALLY APPOINTED' BY JUDGE RUBEN CASTILLO TO REPRESENT THE PLAINTIFF'S IN A

CASE PENDING IN THE NORTHERN DISTRICT OF ILLINOIS UNDER THE CASE CAPTION DR. RABBI K. A. ISRAEL, ET AL., V. BURNHAM HEALTH PROPERTIES FACILITY, 07 CV 4702. I WAS APPOINTED PURSUANT TO MR. ISRAEL'S MOTION TO APPOINT COUNSEL."

"DURING THE COURSE OF THE FEDERAL LAWSUIT, JUDGE CASTILLO REQUESTED THAT I ISSUE LIMITED DISCOVERY TO DETERMINE WHETHER THE FEDERAL LAWSUIT HAD ANY BASIS IN FACT."

(12.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, IS BEING DIS-INGENUOUS, AND INTENTIONALLY DECEITFUL, IN REGARDS TO "STATEMENTS," "REQUESTS," AND "PERSONAL APPOINTMENT," MADE TO HIM, THE DEFEFENDANT, BY THE HONORABLE JUDGE RUBEN CASTILLO.

(13.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, RECEIVED A TELEPHONE CALL FROM THE DEFENDANT, ATTORNEY THOMAS M. LAKE, ON SATURDAY, SEPTEMBER 29, 2007. THE DEFENDANT, ATTORNEY LAKE, INFORMED THE PLAINTIFF, THAT HE, THE DEFENDANT, WAS "ABOUT TO BEGIN WORK ON THE CIVIL ACTION" THAT WAS BEFORE THE HONORABLE JUDGE RUBEN CASTILLO. THE DEFENDANT, ATTORNEY THOMAS M. LAKE, ASKED THE PLAINTIFF WHETHER HE HAD RECEIVED ANY RESPONSE FROM THE COMPLAINTS THAT THE PLAINTIFF HAD FILED WITH THE ILLINOIS DEPARTMENT OF PUBLIC HEALTH, THE OFFICES OF THE ATTORNEY GENERAL FOR THE STATE OF ILLINOIS, LISA MADIGAN, THE OFFICES FOR THE STATES ATTORNEY FOR COOK COUNTY, YVONNE CLIFFORD, THE OFFICES FOR THE ILLINOIS STATE POLICE, DES PLAINES, ILLINOIS, THE POLICE DEPARTMENT FOR THE VILLAGE OF BURNHAM, ILLINOIS, ET AL.. THE PLAINTIFF SENT, BY ELECTRONIC-MAIL, ALL OF THE INFORMATION.

(14.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, DISMISSED THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, FROM ALL DUTIES ON OCTOBER 01, 2007.

(15.) ON @ OCTOBER 02, 2007, THE PLAINTIFF, DR. R. ISRAEL, FILED HIS "MOTION TO PROCEED ON APPEAL IN-FORMA-PAUPERIS UNDER, AND PURSUANT TO F.R.A.P. 3(a)(1) THROUGH F.R.A.P. 4(a)(1)(A) AND THROUGH F.R.A.P. 5(d)(3), AND UNDER, AND PURSUANT TO, F.R.E. (603)," IN AN "EMERGENCY MOTION," IN THE ACTION THAT THAT WAS BEFORE THE HONORABLE JUDGE RUBEN CASTILLO'S COURT-ROOM.

(16.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, INDUCED OTHERS TO ENGAGE IN CONDUCT AND THAT THE DEFENDANT GAVE ASSISTANCE TO THE CONDUCT OF OTHERS, WHEN THE DEFENDANT KNEW THAT SUCH CONDUCT WAS IN VIOLATION OF THE ILLINOIS SUPREME COURT RULES OF PROFESSIONAL CONDUCT, AND IN VIOLATION OF THE AMERICAN BAR ASSOCIATION MODEL RULES OF PROFESSIONAL CONDUCT, AND IN VIOLATION OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, AND IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURES, AND IN VIOLATION OF THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, AND IN VIOLATION OF THE RULES OF THE SUPREME COURT OF THE UNITED STATES OF AMERICA, CAUSING INJURIES TO THE PERSON AND TO THE PROPERTY OF DR. RABBI K. A. ISRAEL.

(17.) DR. RABBI K. A. ISRAEL, THE PLAINTIFF, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED CRIMINAL ACTS THAT REFLECT ADVERSELY UPON THE DEFENDANT'S HONESTY, TRUST-WORTHINESS AND FITNESS AS AN ATTORNEY AT LAW. THE DEFENDANT ENGAGED IN CONDUCT INVOLVING DIS-HONESTY, FRAUD, DECEIT,

AND MIS-REPRESENTATION.

(18.) FURTHERMORE, THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, ENGAGED IN CONDUCT THAT IS PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE. THE DEFENDANT, ATTORNEY THOMAS M. LAKE, ENGAGED IN ADVERSE DISCRIMINATORY TREATMENT OF THE PLAINTIFF, DR. RABBI K. A. ISRAEL, OTHER LITIGANTS, OTHER WITNESSES, AND OTHER LAWYERS, BASED ON THE DEFENDANT'S PREJUDICE AND BIAS AGAINST THE INSTANT PLAINTIFF'S' ETHNICITY (RACE), GENDER (SEX), THEOLOGY (RELIGION), NATIONAL ORIGIN, DISABILITY, AGE, AND SOCIO-ECONOMIC STATUS.

(19.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS IN VIOLATION OF FEDERAL, STATE, AND LOCAL STATUTES AND ORDINANCES THAT PROHIBIT DISCRIMINATION BASED ON ETHNICITY (RACE), GENDER (SEX), THEOLOGY (RELIGION), NATIONAL ORIGIN, DISABILITY, AGE, AND SOCIO-ECONOMIC STATUS BY CONDUCT THAT REFLECTS ADVERSELY ON THE DEFENDANT'S FITNESS AS AN ATTORNEY AT LAW, CAUSING INJURIES TO THE PERSON AND TO THE PROPERTY OF DR. RABBI K. A. ISRAEL.

(20.) ON OCTOBER 10, 2007, THE PLAINTIFF, DR. R. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, APPEARED DURING A PROBATE GUARDIANSHIP HEARING, IN THE COURT-OOM OF THE HONORABLE JUDGE LYNNE KAWAMOTO OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, AND WITH DECEITFULNESS, DIS-INGENUOUSNESS, AND WITH MIS-RESPRESENTATION, STATED THAT HE, ATTORNEY T. M. LAKE, WAS THE LEGAL COUNSEL FOR THE PLAINTIFF.

(21.) ON OCTOBER 11, 2007, AT APPROXIMATELY 10:44 A.M., THE PLAINTIFF, DR. RABBI K. A. ISRAEL, ARRIVED AT THE COURT-ROOM OF THE HONORABLE JUDGE RUBEN CASTILLO, AND AT THE OFFICES OF THE DEPUTY FOR THE HONORABLE JUDGE, DEPUTY RUTH O'SHEA, IN THE EXPECTATION THAT THE PLAINTIFF'S "EMERGENCY MOTION TO PROCEED ON APPEAL IN-FORMA-PAUPERIS," FILED ON @ OCTOBER 02, 2007, WOULD COME TO BE HEARD BEFORE THE COURT AT 10:45 A.M.. DEPUTY RUTH O'SHEA INFORMED THE PLAINTIFF, DR. ISRAEL, THAT THE "EMERGENCY MOTION" HAD BEEN HEARD AT 9:45 A.M., AND THAT THE HONORABLE JUDGE RUBEN CASTILLO HAD DENIED THE MOTION. DEPUTY RUTH O'SHEA ALSO REMINDED THE PLAINTIFF THAT THE HONORABLE JUDGE HAS INSTRUCTED HIM, THE PLAINTIFF, THAT HE SHOULD NOT FILE ANY MORE PRO-SE MOTIONS AND THAT PLAINTIFF SHOULD HAVE ALL MOTIONS FILED THROUGH HIS COURT-APPOINTED ATTORNEY.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, EXPLAINED TO THE HONORABLE JUDGE'S DEPUTY, DEPUTY RUTH O'SHEA, THAT THE PLAINTIFF'S COURT-APPINTED ATTORNEY, THE DEFENDANT, ATTORNEY THOMAS M. LAKE, HAD BEEN DIS-MISSED BY THE PLAINTIFF ON OCTOBER 01, 2007, AND THAT THE PLAINTIFF, DR. ISRAEL, HAD EXPECTED THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, WOULD HAVE, AND SHOULD HAVE, NOTIFIED THE COURT BY NOW.

DEPUTY RUTH O'SHEA THEN INSTRUCTED THE PLAINTIFF, DR. ISRAEL, THAT, EITHER HE, THE PLAINTIFF, SHOULD FILE A "MOTION FOR DISMISSAL OF THE COURT-APPOINTED ATTORNEY" OR, THAT HE SHOULD INSTRUCT THE ATTORNEY TO FILE A "MOTION FOR WITHDRAWAL."

(22.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, FILED ON OCTOBER 22, 2007, " PLAINTIFF'S NOTICE OF FILING OF THE DISMISSAL OF ATTORNEY THOMAS M. LAKE, ET AL., UNDER, AND PURSUANT TO,

THE AMERICAN BAR ASSOCIATION MODEL RULES OF PROFESSIONAL CONDUCT: RULE 3.7(a); MIS-APPROPRIATION, AND THE ILLINOIS SUPREME COURT RULES FOR PROFESSIONAL CONDUCT, RULE(S) 8.4; MISCONDUCT, 8.4(a)(1), 8.4(a)(2), 8.4(a)(3), 8.4(a)(4), 8.4(a)(5), AND 9(A), AS OF OCTOBER 01, 2007."

(23.) THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, FILED ON OCTOBER 23, 2007, HIS "NOTICE OF MOTION BY THOMAS M. LAKE FOR PRESENTMENT OF MOTION TO WITHDRAW AS ATTORNEY BEFORE HONORABLE RUBEN CASTILLO ON 10/31/2007 AT 09:45 AM." THE DEFENDANT ALSO FILED THE ACTUAL MOTION TO WITHDRAW, ITSELF, ON OCTOBER 23, 2007.

(24.) THE PLAINTIFF DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT, ON OCTOBER 31, 2007, DURING THE HEARING FOR THE DISMISSAL OF THE DEFENDANT AS ATTORNEY FOR THE PLAINTIFF, IN THE COURTROOM OF THE HONORABLE JUDGE RUBEN CASTILLO, THE DEFENDANT, ATTORNEY THOMAS M. LAKE, STATED THAT THE ONLY PERSON TO WHOM HE HAD INQUIRED REGARDING THE FACTS OF THE CIVIL ACTION WHICH WAS BEFORE THE COURT WAS FROM SOME FOURTH-PARTY GOSSIP AND HEARSAY, FROM A WOMAN WHO LIVES IN AUGUSTA, GEORGIA, AND WHOM DIS NOT ARRIVE IN THE CITY OF CHICAGO, ILLINOIS, UNTIL MORE THAN (25) TWENTY-FIVE DAYS AFTER THE CRIMES COMPLAINED OF IN THE IN THE INSTANT PLAINTIFF'S ORIGINAL COMPLAINT.

(25.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, WAS DISMISSED BY THE HONORABLE JUDGE RUBEN CASTILLO ON OCTOBER 31, 2007 BUT, THE DEFENDANT REMAINS INVOLVED IN THE INSTANT PLAINTIFF'S LEGAL MATTERS, AS RECENTLY AS A PROBATE GUARDIANSHIP HEARING THAT WAS HELD ON NOVEMBER 16, 2007, IN THE COURTROOM OF THE

HONORABLE JUDGE LYNNE KAWAMOTO, OF THE CIRCUIT COURT OF COOK, COUNTY, ILLINOIS. THE PLAINTIFF ALSO CLAIMS, CHARGES AND COMPLAINS THAT HE HAS SOUGHT TO HAVE THE ORIGINAL DOCUMENTS THAT HE, THE PLAINTIFF, DELIVERED TO THE DEFENDANT, ATTORNEY LAKE, AND ALSO THE NAMES OF THE PEOPLE TO WHOM THE DEFENDANT DIVULGED SAID DOCUMENTS AND SAID PRIVILEGED INFORMATION(S).

IN CONCLUSION, THE PLAINTIFF, DR. RABBI K. A. ISRAEL, HAS LEARNED LEARNED THE FOLLOWING: (1.) THERE SHOULD BE BROUGHT INTO EXISTANCE "A FUND AND ACCOUNT FOR THE PAYMENT OF ATTORNEYS WHOM ARE APPOINTED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION," WITH "COMPETITIVE ATTORNEY'S FEES" PAYED FROM MONIES PROVIDED BY THE CONGRESS OF THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF STATE, AND THE UNITED STATES DEPARTMENT OF JUSTICE.

(2.) THE "SYSTEMIC" DEFICIENCIES, POLICY DEFICIENCIES AND PROCEDURAL DEFICIENCIES, AND THE FACT THAT ATTORNEYS, ALSO, BRING WITH THEM THEIR PREJUDICES, BIASES, AND DISCRIMINATIONS IN REGARDS TO THE LITIGANT PARTY'S ETHNICITY, GENDER, THEOLOGY, AGE, SOCIO-ECONOMIC STATUS, ET AL., CAN BEST BE ADDRESSED BY THE DISTRICT COURT'S FOLLOWING THE OPINION OF THE HONORABLE SUPREME SUPREME COURT JUSTICE HEIPLE, WRITTEN ON PAGE (10) OF THE RULES GOVERNING THE LEGAL PROFESSION AND THE JUDICIARY: JULY 01, 1992;

"ILLINOIS SUPREME COURT JUSTICE HEIPLE, DISSENTING:

BY THE AMENDMENT TO RULE (711) AND BY RULE (703), WHICH WAS PREVIOUSLY ADOPTED, THIS COURT RECOGNIZES ONLY LAW SCHOOLS WHICH HAVE BEEN APPROVED BY THE AMERICAN BAR ASSOCIATION. I BOTH DISSENT AND OBJECT TO THESE RULES BECAUSE THEY REPRESENT AN IMPROPER

DELEGATION OF A GOVERNMENTAL AND JUDICIAL FUNCTION TO A TRADE ASSOCIATION OF LAWYERS."

"IT IS IMPROPER FOR THIS COURT TO ASSIGN AND DELEGATE TO THAT ORGANIZATION THE ULTIMATE DECISION MAKING FUNCTION OF DECIDING FOR THE STATE OF ILLINOIS WHICH LAW SCHOOLS WARRANT OFFICIAL RECOGNITION. IT WOULD BE PROPER, OF COURSE, FOR THIS COURT, AND ITS BOARD OF LAW EXAMINERS (NOW, BOARD OF ADMISSIONS TO THE BAR) TO CONSIDER AND WEIGH THE EVALUATIONS OF THE AMERICAN BAR ASSOCIATION IN CONSIDERING WHICH LAW SCHOOLS ARE TO BE APPROVED. THE WORK OF THE AMERICAN BAR ASSOCIATION IN EVALUATING LAW SCHOOLS COULD BE CONSIDERED AS RELEVANT EVIDENCE IN THAT REGARD. NO OBJECTION COULD BE RAISED TO THE PROCEDURE."

"THIS COURT, HOWEVER, HAS NO RIGHT TO DELEGATE ITS DECISION MAKING FUNCTION TO THE AMERICAN BAR ASSOCIATION, THE TEAMSTERS UNION, THE REPUBLIC OF UGANDA OR ANY OTHER SUCH BODY OR GROUP. IF THE RULE ASSERTS A VALID PRINCIPLE OF LAW, THEN THIS COURT COULD AS WELL ASSIGN ALL OF ITS DECISION MAKING FUNCTIONS TO OTHERS WHO MIGHT BE CONSIDERED EXPERTS IN THEIR FIELD. FOR THE REASONS GIVEN, I RESPECTFULLY DISSENT."

<u>HONORABLE JUDGE HEIPLE; SUPREME COURT OF THE STATE OF ILLINOIS.</u>

RESPECTFULLY SUBMITTED BY:

DATE: 11.25.2007     SIGNED: *[signature]*

DR. RABBI K. A. ISRAEL, CONSULAR ATTORNEY,
ALSO KNOW AS,
DR. RABBI K. GARTH RICHARDSON,
CONSULAR ATTORNEY,
PARALEGALS FOR CIVIL RIGHTS AND HUMAN RIGHTS, INTERNATIONALE,
<u>F.E.I.N. 87-0656393,</u>
P.O. BOX 803241, CHICAGO, ILLINOIS, 60680-3241,
<u>TELEPHONE: (773)-469-8132</u>