## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6609 | **DATE** | 12/5/2007 |
| **CASE TITLE** | Israel vs. Lake | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed *in forma pauperis* [4], "Plaintiff's Motion to Correct Clerical Mistakes . . ." [5], and "Plaintiff's Motion to Authorize the Notice of Lawsuit . . ." [6] are denied. Noticed motion date of 12/11/2007 is stricken and case will not be called in court on 12/11/2007. Civil Case Terminated.

■[ For further details see text below.]   Mailed AO 450 form. Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff, Rabbi K.A. Israel ("Israel"), has presented for filing a complaint, as well as:
(1) an *in forma pauperis* application,
(2) "Plaintiff's Motion to Correct Clerical Mistakes in the Court's Docket in Accordance with the Original 'Case-Caption' and 'Civil-Coversheet' Under, and Pursuant to F.R.C.P. 60(a); Clerical Mistakes," and
(3) "Plaintiff's Motion to Authorize the Notice of Lawsuit and Request for Waiver of Service of Summonses, Upon the Defendants Under, and Pursuant to, F.R.C.P. (1.) Through F.R.C.P. 4(n)(2) Through F.R.C.P. 86(e)."
     In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted) .
     As best this court can determine, plaintiff appears to be alleging a malpractice action against Thomas M. Lake, an attorney appointed by Judge Castillo to represent Israel in a separate civil action filed by Israel in this district (*Israel* v. *Burnham Health-Properties Facility*, 07 CV 4702 (N.D. Ill.) (complaint filed Aug. 20, 2007)). Israel alleges that Lake:
(a) said he was unfamiliar with practicing law in the federal courts,
(b) made false and misleading statements about his services;
(c) created unjustified expectations about the results that Israel could expect him to achieve;
(d) was disingenuous and deceitful in certain statements that Lake made to the Illinois Attorney Registration and Disciplinary Commission in response to a complaint filed by Israel;
(e) induced others to engage in conduct that Lake knew was in violation of the attorney rules of professional conduct;
(f) committed criminal acts that reflect adversely on Lake's honesty, trustworthiness, and fitness to practice as an attorney;

**STATEMENT**

(g) engaged in conduct that is prejudicial to the administration of justice;
(h) engaged in discriminatory treatment of Israel on the basis of ethnicity, race, gender, theology, national origin, disability, age, and socioeconomic status, conduct which reflects adversely on the defendant's fitness as an attorney;
(I) misrepresented during a probate guardianship hearing that Lake was the legal counsel for Israel after Israel had terminated his attorney-client relationship with Lake;
(j) failed to put sufficient effort or work into Israel's case before Judge Castillo;
(k) remained involved in Israel's legal matters after Lake was no longer authorized to represent Israel;
(l) failed to return certain original documents that Israel had provided to him; and
(m) failed to disclose to Israel the names of the people to whom Lake divulged privileged information regarding Israel.

Israel cites a number of federal and state laws in the first four pages of the complaint, including 42 U.S.C. §§ 1981, 1982, 1983, 1985 (civil rights statutes); 15 U.S.C. § 13(a)–(b) (the Robinson-Patman Act, an antitrust statute); the Supreme Court of Illinois's Rules of Professional Conduct; 28 U.S.C. §§ 1343, 1357 (jurisdictional statutes concerning federal civil rights suits); 15 U.S.C. § 15 (a damages statute concerning federal antitrust actions); and Articles III, IV and VI, and Amendments I, IV, V, VI, VII, VIII, IX, X, XIII, and XIV of the United States Constitution. In spite of the numerous federal statutes he cites, Israel does not appear to allege conduct that presents a question arising under the Constitution or laws of the United States over which this court could assume jurisdiction under 28 U.S.C. § 1331. Rather, it appears to be a straightforward legal malpractice action between citizens of Illinois, which is generally not cognizable under federal law. *See, e.g.*, *Wallin* v. *Arapahoe County Detention Facility*, 2007 WL 2153224, at *3 (10th Cir. July 27, 2007) (noting that "a legal malpractice claim is a state-law tort claim, not a § 1983 claim"); *see also Polk County* v. *Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In order for this court to assume jurisdiction over a non-federal claim, plaintiff must demonstrate, among other things, that the matter is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1). Unless plaintiff can allege such diversity of citizenship as well as more than $75,000 in controversy, there could be no federal jurisdiction even if leave to amend were granted. The court thus dismisses this case, although without prejudice to plaintiff's filing a complaint with an appropriate Illinois court. Plaintiff's pending motions are denied.