IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

NOTICE OF APPEAL. NOTICE OF APPEAL. NOTICE OF APPEAL.

2008 JAN -4 PM 5: 14

| | |
|---|---|
| DR. RABBI K. A. ISRAEL, CONSULAR ATTY-CLERK, BROTHER OF, AND THE GUARDIAN FOR, MS. BEATRICE DEMETRICE GARTH, P.O. BOX 803241, CHICAGO, ILLINOIS, 60680-3241 TELE.#: (773)-469-8132<br>                                      PLAINTIFF,<br><br>VERSUS<br><br>THOMAS M. LAKE, ATTORNEY AT LAW, 100 EAST COOK AVENUE, 2ND. FLOOR, LIBERTYVILLE, ILLINOIS, 60048 TELE. #: (847)-362-5385<br>                                     DEFENDANT,<br>AND THE INSURERS OF THOMAS MARTIN LAKE, ATTORNEY AT LAW, 30 NO. LASALLE STREET, SUITE 2800, CHICAGO, ILLINOIS, 60602 TELEPHONE: (312)-263-6300 | COMPLAINT FOR VIOLATIONS OF 42 U.S.C. ss 1983, AND A.B.A. MODEL RULES OF PROF. CONDUCT, RULE(S): 3.7(a); MIS-APPROPRIATION, TITLE 42; CHAPTER (21), SUBCH. (I), ss 1985; PARA. (2): OBSTRUCTING JUSTICE, AND INTIMIDATING PARTY AND WITNESS, ET AL., SUPR. COURT OF ILL. RULES OF PROF. CONDUCT: RULE 8.4; MISCONDUCT: 8.4(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (9)(A) ET AL.<br><br>CIVIL ACTION NO.: 07cv6609<br>HON. JUDGE: JUDGE JOAN H. LEF<br><br>HON. MAG. JUDGE: MAGISTRATE JUDGE MAS<br><br>DAMAGES CLAIMED: $2,777,000.0 TWO-MILLION-SEVEN-HUNDRED AND SEVENTY-SEVEN THOUSAND DOLLARS; U.S. CURRENCY. |
| **FILED**<br>JAN 0 4 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT | |
| JURY TRIAL DEMANDED UNDER, AND PURSUANT TO, F.R.C.P. (38): JURY TRIAL OF RIGHT; (a), (b), (c) AND F.R.C.P. (40): ASSIGNMENT OF CASES FOR TRIAL, AND THE SEVENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA, ET AL.. | DISTRICT COURT JURISDICTION: 28 U.S.C. ss 1343(a)(1), (a)(2), (a)(3), (a)(4); CIVIL RIGHTS & ELECTIVE FRANCHISE, ARTICLE (III): ss (1) & (2), ARTICLE (IV) ss (1) & (2), ART. (VI): PARA. (2) & (3), AND AMENDMENT(S) (I), (IV), (V), (VI), (VII), (VIII), (IX), (X), (XIV): ss (1), & (XV) OF THE U.S. CONST:, & 28 U.S.C. ss 1331, VENUE: 28 U.S.C. ss 1391a-c. |

1-5

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6609 | **DATE** | 12/5/2007 |
| **CASE TITLE** | Israel vs. Lake | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed *in forma pauperis* [4], "Plaintiff's Motion to Correct Clerical Mistakes . . ." [5], and "Plaintiff's Motion to Authorize the Notice of Lawsuit . . . " [6] are denied. Noticed motion date of 12/11/2007 is stricken and case will not be called in court on 12/11/2007. Civil Case Terminated.

■[ For further details see text below.]   Mailed AO 450 form. Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Rabbi K.A. Israel ("Israel"), has presented for filing a complaint, as well as:
(1) an *in forma pauperis* application,
(2) "Plaintiff's Motion to Correct Clerical Mistakes in the Court's Docket in Accordance with the Original 'Case-Caption' and 'Civil-Coversheet' Under, and Pursuant to F.R.C.P. 60(a); Clerical Mistakes," and
(3) "Plaintiff's Motion to Authorize the Notice of Lawsuit and Request for Waiver of Service of Summonses, Upon the Defendants Under, and Pursuant to, F.R.C.P. (1.) Through F.R.C.P. 4(n)(2) Through F.R.C.P. 86(e)."

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted).

As best this court can determine, plaintiff appears to be alleging a malpractice action against Thomas M. Lake, an attorney appointed by Judge Castillo to represent Israel in a separate civil action filed by Israel in this district (*Israel* v. *Burnham Health-Properties Facility*, 07 CV 4702 (N.D. Ill.) (complaint filed Aug. 20, 2007)). Israel alleges that Lake:
(a) said he was unfamiliar with practicing law in the federal courts;
(b) made false and misleading statements about his services;
(c) created unjustified expectations about the results that Israel could expect him to achieve;
(d) was disingenuous and deceitful in certain statements that Lake made to the Illinois Attorney Registration and Disciplinary Commission in response to a complaint filed by Israel;
(e) induced others to engage in conduct that Lake knew was in violation of the attorney rules of professional conduct;
(f) committed criminal acts that reflect adversely on Lake's honesty, trustworthiness, and fitness to practice as an attorney;

**STATEMENT**

(g) engaged in conduct that is prejudicial to the administration of justice;
(h) engaged in discriminatory treatment of Israel on the basis of ethnicity, race, gender, theology, national origin, disability, age, and socioeconomic status, conduct which reflects adversely on the defendant's fitness as an attorney;
(I) misrepresented during a probate guardianship hearing that Lake was the legal counsel for Israel after Israel had terminated his attorney-client relationship with Lake;
(j) failed to put sufficient effort or work into Israel's case before Judge Castillo;
(k) remained involved in Israel's legal matters after Lake was no longer authorized to represent Israel;
(l) failed to return certain original documents that Israel had provided to him; and
(m) failed to disclose to Israel the names of the people to whom Lake divulged privileged information regarding Israel.

  Israel cites a number of federal and state laws in the first four pages of the complaint, including 42 U.S.C. §§ 1981, 1982, 1983, 1985 (civil rights statutes); 15 U.S.C. § 13(a)–(b) (the Robinson-Patman Act, an antitrust statute); the Supreme Court of Illinois's Rules of Professional Conduct; 28 U.S.C. §§ 1343, 1357 (jurisdictional statutes concerning federal civil rights suits); 15 U.S.C. § 15 (a damages statute concerning federal antitrust actions); and Articles III, IV and VI, and Amendments I, IV, V, VI, VII, VIII, IX, X, XIII, and XIV of the United States Constitution. In spite of the numerous federal statutes he cites, Israel does not appear to allege conduct that presents a question arising under the Constitution or laws of the United States over which this court could assume jurisdiction under 28 U.S.C. § 1331. Rather, it appears to be a straightforward legal malpractice action between citizens of Illinois, which is generally not cognizable under federal law. *See, e.g., Wallin v. Arapahoe County Detention Facility*, 2007 WL 2153224, at *3 (10th Cir. July 27, 2007) (noting that "a legal malpractice claim is a state-law tort claim, not a § 1983 claim"); *see also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In order for this court to assume jurisdiction over a non-federal claim, plaintiff must demonstrate, among other things, that the matter is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1). Unless plaintiff can allege such diversity of citizenship as well as more than $75,000 in controversy, there could be no federal jurisdiction even if leave to amend were granted. The court thus dismisses this case, although without prejudice to plaintiff's filing a complaint with an appropriate Illinois court. Plaintiff's pending motions are denied.

3.

# United States District Court
## Northern District of Illinois
### Eastern Division

Israel                                      **JUDGMENT IN A CIVIL CASE**

      v.                                       Case Number: 07 C 6609

Lake

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ☐ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed for lack of subject matter jurisdiction.

                                                         Michael W. Dobbins, Clerk of Court

Date: 12/5/2007

                                                      /s/ Michael Dooley, Deputy Clerk

**MAGISTRATE JUDGE MASON**  **JUDGE JOAN H. LEFKOW**

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

(a) PLAINTIFFS DR. RABBI K. A. ISRAEL, THE BROTHER OF, AND GUARDIAN FOR, MS. BEATRICE DEMETRICE GARTH,

DEFENDANTS : THOMAS MARTIN LAKE, ATTORNEY AT LAW, AND THE INSURERS OF THOMAS M. LAKE,

(b) County of Residence of First Listed Plaintiff  COUNTY OF COOK,
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  COUNTY OF COOK,
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**07C 6609**

(c) Attorney's (Firm Name, Address, and Telephone Number)
PARALEGALS FOR CIVIL RIGHTS & HUMAN RIGHTS, INTERNATIONALE,

Attorneys (If Known)
OF COUNSEL: JOHN M. BURKE,

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- XXX 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XXX 1 | ☒ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | XX 410 Antitrust  XX |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. vet.) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Satellite TV |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Security/Commodity/Exch. |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 ADA—Employment / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 446 ADA — Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

XXX 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

TITLE 15 CHAP. (1), ss (13)(a), (19)(b), & ss (15)(a), ET AL., DISCRIMIN. IN SERV.

### VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $$2,777,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: XX Yes  ☐ No

### IX. This case

XXXX is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE  NOVEMBER 26, 2007

SIGNATURE OF ATTORNEY OF RECORD  *Dr. Rabbi K. A. Israel*