IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION.

NOTICE OF APPEAL. NOTICE OF APPEAL. NOTICE OF APPEAL.

2008 JAN -4 PM 5:14

DR. RABBI K. A. ISRAEL, CONSULAR ATTY-CLERK
BROTHER OF, AND THE GUARDIAN FOR, U.S. DISTRICT COURT
MS. BEATRICE DEMETRICE GARTH,
P.O. BOX 803241,
CHICAGO, ILLINOIS, 60680-3241
TELE.#: (773)-469-8132

PLAINTIFF,

VERSUS

THOMAS M. LAKE, ATTORNEY AT LAW,
100 EAST COOK AVENUE, 2ND. FLOOR,
LIBERTYVILLE, ILLINOIS, 60048
TELE. #: (847)-362-5385

DEFENDANT,

AND THE INSURERS OF
THOMAS MARTIN LAKE, ATTORNEY AT LAW,
30 NO. LASALLE STREET, SUITE 2800,
CHICAGO, ILLINOIS, 60602
TELEPHONE: (312)-263-6300

F I L E D

JAN 0 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JURY TRIAL DEMANDED UNDER, AND
PURSUANT TO, F.R.C.P. (38): JURY TRIAL
OF RIGHT: (a), (b), (c) AND
F.R.C.P. (40): ASSIGNMENT OF CASES FOR
TRIAL, AND THE SEVENTH AMENDMENT TO THE
CONSTITUTION OF THE UNITED STATES OF
AMERICA, ET AL..

COMPLAINT FOR VIOLATIONS
OF 42 U.S.C. ss 1983, AND
A.B.A. MODEL RULES OF
PROF. CONDUCT, RULE(S):
3.7(a); MIS-APPROPRIATION,
TITLE 42; CHAPTER (21),
SUBCH. (I), ss 1985;
PARA. (2): OBSTRUCTING
JUSTICE, AND INTIMIDATING
PARTY AND WITNESS, ET AL.,
SUPR. COURT OF ILL. RULES
OF PROF. CONDUCT:
RULE 8.4; MISCONDUCT:
8.4(a)(1), (a)(2), (a)(3),
(a)(4), (a)(5), (9)(A) ET AL.

CIVIL ACTION NO.: 07cv6609

HON. JUDGE: JUDGE JOAN H. LEF

HON. MAG. JUDGE: MAGISTRATE JUDGE MAS

DAMAGES CLAIMED: $2,777,000.0
TWO-MILLION-SEVEN-HUNDRED
AND SEVENTY-SEVEN
THOUSAND DOLLARS;
U.S. CURRENCY.

DISTRICT COURT JURISDICTION:
28 U.S.C. ss 1343(a)(1),
(a)(2), (a)(3), (a)(4);
CIVIL RIGHTS & ELECTIVE
FRANCHISE,
ARTICLE (III): ss (1) & (2),
ARTICLE (IV) ss (1) & (2),
ART. (VI): PARA. (2) & (3),
AND AMENDMENT(S) (I), (IV),
(V), (VI), (VII), (VIII),
(IX), (X), (XIV): ss (1),
& (XV) OF THE U.S. CONST.,
& 28 U.S.C. ss 1331,
VENUE: 28 U.S.C. ss 1391a-c.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6609 | **DATE** | 12/5/2007 |
| **CASE TITLE** | Israel vs. Lake | | |

DOCKET ENTRY TEXT

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed *in forma pauperis* [4], "Plaintiff's Motion to Correct Clerical Mistakes . . ." [5], and "Plaintiff's Motion to Authorize the Notice of Lawsuit . . . " [6] are denied. Noticed motion date of 12/11/2007 is stricken and case will not be called in court on 12/11/2007. Civil Case Terminated.

■[ For further details see text below.]                                 Mailed AO 450 form. Notices mailed by Judicial staff.

---

### STATEMENT

Plaintiff, Rabbi K.A. Israel ("Israel"), has presented for filing a complaint, as well as:
(1) an *in forma pauperis* application,
(2) "Plaintiff's Motion to Correct Clerical Mistakes in the Court's Docket in Accordance with the Original 'Case-Caption' and 'Civil-Coversheet' Under, and Pursuant to F.R.C.P. 60(a); Clerical Mistakes," and
(3) "Plaintiff's Motion to Authorize the Notice of Lawsuit and Request for Waiver of Service of Summonses, Upon the Defendants Under, and Pursuant to, F.R.C.P. (1.) Through F.R.C.P. 4(n)(2) Through F.R.C.P. 86(e)."

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted) .

As best this court can determine, plaintiff appears to be alleging a malpractice action against Thomas M. Lake, an attorney appointed by Judge Castillo to represent Israel in a separate civil action filed by Israel in this district (*Israel* v. *Burnham Health-Properties Facility*, 07 CV 4702 (N.D. Ill.) (complaint filed Aug. 20, 2007)). Israel alleges that Lake:
(a) said he was unfamiliar with practicing law in the federal courts,
(b) made false and misleading statements about his services;
(c) created unjustified expectations about the results that Israel could expect him to achieve;
(d) was disingenuous and deceitful in certain statements that Lake made to the Illinois Attorney Registration and Disciplinary Commission in response to a complaint filed by Israel;
(e) induced others to engage in conduct that Lake knew was in violation of the attorney rules of professional conduct;
(f) committed criminal acts that reflect adversely on Lake's honesty, trustworthiness, and fitness to practice as an attorney;

## STATEMENT

(g) engaged in conduct that is prejudicial to the administration of justice;

(h) engaged in discriminatory treatment of Israel on the basis of ethnicity, race, gender, theology, national origin, disability, age, and socioeconomic status, conduct which reflects adversely on the defendant's fitness as an attorney;

(I) misrepresented during a probate guardianship hearing that Lake was the legal counsel for Israel after Israel had terminated his attorney-client relationship with Lake;

(j) failed to put sufficient effort or work into Israel's case before Judge Castillo;

(k) remained involved in Israel's legal matters after Lake was no longer authorized to represent Israel;

(l) failed to return certain original documents that Israel had provided to him; and

(m) failed to disclose to Israel the names of the people to whom Lake divulged privileged information regarding Israel.

Israel cites a number of federal and state laws in the first four pages of the complaint, including 42 U.S.C. §§ 1981, 1982, 1983, 1985 (civil rights statutes); 15 U.S.C. § 13(a)-(b) (the Robinson-Patman Act, an antitrust statute); the Supreme Court of Illinois's Rules of Professional Conduct; 28 U.S.C. §§ 1343, 1357 (jurisdictional statutes concerning federal civil rights suits); 15 U.S.C. § 15 (a damages statute concerning federal antitrust actions); and Articles III, IV and VI, and Amendments I, IV, V, VI, VII, VIII, IX, X, XIII, and XIV of the United States Constitution. In spite of the numerous federal statutes he cites, Israel does not appear to allege conduct that presents a question arising under the Constitution or laws of the United States over which this court could assume jurisdiction under 28 U.S.C. § 1331. Rather, it appears to be a straightforward legal malpractice action between citizens of Illinois, which is generally not cognizable under federal law. *See, e.g., Wallin v. Arapahoe County Detention Facility*, 2007 WL 2153224, at *3 (10th Cir. July 27, 2007) (noting that "a legal malpractice claim is a state-law tort claim, not a § 1983 claim"); *see also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In order for this court to assume jurisdiction over a non-federal claim, plaintiff must demonstrate, among other things, that the matter is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1). Unless plaintiff can allege such diversity of citizenship as well as more than $75,000 in controversy, there could be no federal jurisdiction even if leave to amend were granted. The court thus dismisses this case, although without prejudice to plaintiff's filing a complaint with an appropriate Illinois court. Plaintiff's pending motions are denied.

3.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Israel

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 07 C 6609

Lake

☐   Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐   Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed for lack of subject matter jurisdiction.

Michael W. Dobbins, Clerk of Court

Date: 12/5/2007

/s/ Michael Dooley, Deputy Clerk

MAGISTRATE JUDGE MASON      JUDGE JOAN H. LEFKOW

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS** DR. RABBI K. A. ISRAEL, THE BROTHER OF, AND GUARDIAN FOR, MS. BEATRICE DEMETRICE GARTH,

**DEFENDANTS :** THOMAS MARTIN LAKE, ATTORNEY AT LAW, AND THE INSURERS OF THOMAS M. LAKE,

**(b)** County of Residence of First Listed Plaintiff **COUNTY OF COOK,**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **COUNTY OF COOK,**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

# 07C 6609

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
PARALEGALS FOR CIVIL RIGHTS & HUMAN RIGHTS, INTERNATIONALE,

Attorneys (If Known)
OF COUNSEL: JOHN M. BURKE,

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒☒☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒☒☒1 | ☐X | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒☒ 410 Antitrust  XX |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. vet.) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Security/Commodity/Exch. |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 750 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 ADA—Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 ADA — Other | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒☒☒1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
TITLE 15 CHAP. (1), ss (13)(a), (13)(b), & ss (15)(a), ET AL., DISCRIMIN. IN SERV.

### VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

| VIII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $2,777,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒X Yes  ☐ No |
|---|---|---|---|

**IX.** This case ☒☒☒☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE  NOVEMBER 26, 2007

SIGNATURE OF ATTORNEY OF RECORD  Dr. Rabbi K. A. Israel

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:    07 cv 6609

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Israel/appellant | | Lake/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Rabbi K.A. Israel | Name | |
| Firm | pro-se | Firm | |
| Address | Madagascar Island Charter School P.O. Box 803241 Chgo.Il. 60680 | Address | |
| Phone | | Phone | |

| Other Information | | | |
|---|---|---|---|
| District Judge | Lefkow | Date Filed in District Court | 11/26/07 |
| Court Reporter | P. Warren   X-408-5100 | Date of Judgment | 12/5/07 |
| Nature of Suit Code | 410 | Date of Notice of Appeal | 1/4/08 |

COUNSEL:        Appointed [ ]        Retained [ ]        Pro Se [X]

FEE STATUS:        Paid [ ]        Due [ ]        IFP [ ]

        IFP Pending [X]        U.S. [ ]        Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?    Yes [X]    No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

        Granted [ ]        Denied [ ]        Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION.

DOCKETING STATEMENT. DOCKETING STATEMENT. DOCKETING STATEMENT.

2008 JAN -4 PM 5:14

DR. RABBI K. A. ISRAEL, CONSULAR ATTY.(LED)
BROTHER OF, AND THE GUARDIAN FOR, U.S. DISTRICT
MS. BEATRICE DEMETRICE GARTH,
P.O. BOX 803241,
CHICAGO, ILLINOIS, 60680-3241
TELE.#: (773)-469-8132

                              PLAINTIFF,

VERSUS

THOMAS M. LAKE, ATTORNEY AT LAW,
100 EAST COOK AVENUE, 2ND. FLOOR,
LIBERTYVILLE, ILLINOIS, 60048
TELE. #: (847)-362-5385

                              DEFENDANT,

AND THE INSURERS OF
THOMAS MARTIN LAKE, ATTORNEY AT LAW,
30 NO. LASALLE STREET, SUITE 2800,
CHICAGO, ILLINOIS, 60602
TELEPHONE: (312)-263-6300

# FILED

07CV6609

JAN 0 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

---

     JURY TRIAL DEMANDED UNDER, AND
PURSUANT TO, F.R.C.P. (38): JURY TRIAL
OF RIGHT; (a), (b), (c) AND
F.R.C.P. (40): ASSIGNMENT OF CASES FOR
TRIAL, AND THE SEVENTH AMENDMENT TO THE
CONSTITUTION OF THE UNITED STATES OF
AMERICA, ET AL..

) COMPLAINT FOR VIOLATIONS
) OF 42 U.S.C. ss 1983, AND
) A.B.A. MODEL RULES OF
) PROF. CONDUCT, RULE(S):
) 3.7(a); MIS-APPROPRIATION,
) TITLE 42; CHAPTER (21),
) SUBCH. (I), ss 1985;
) PARA. (2): OBSTRUCTING
) JUSTICE, AND INTIMIDATING
) PARTY AND WITNESS, ET AL.,
) SUPR. COURT OF ILL. RULES
) OF PROF. CONDUCT:
) RULE 8.4; MISCONDUCT:
) 8.4(a)(1), (a)(2), (a)(3),
) (a)(4), (a)(5), (9)(A) ET AL.
)
) CIVIL ACTION NO.:
)
) HON. JUDGE:    JUDGE JOAN H. LEF
)
)               MAGISTRATE JUDGE MAS
) HON. MAG. JUDGE:
)
) DAMAGES CLAIMED: $2,777,000.0
) TWO-MILLION-SEVEN-HUNDRED
) AND SEVENTY-SEVEN
) THOUSAND DOLLARS;
) U.S. CURRENCY.
)
) DISTRICT COURT JURISDICTION:
) 28 U.S.C. ss 1343(a)(1),
) (a)(2), (a)(3), (a)(4);
) CIVIL RIGHTS & ELECTIVE
) FRANCHISE,
) ARTICLE (III): ss (1) & (2),
) ARTICLE (IV) ss (1) & (2),
) ART. (VI): PARA. (2) & (3),
) AND AMENDMENT(S) (I), (IV),
) (V), (VI), (VII), (VIII),
) (IX), (X), (XIV): ss (1),
) & (XV) OF THE U.S. CONST.;
) & 28 U.S.C. ss 1331,
) VENUE: 28 U.S.C. ss 1391a-c.
)

1-14.

COMES NOW THE PLAINTIFF, DR. RABBI K. A. ISRAEL, ALSO
KNOWN AS DR. RABBI K. GARTH RICHARDSON, TO PRAY FOR LEAVE OF
THE COURT TO FILE THE INSTANT COMPLAINT, AND TO PRAY FOR LEAVE
OF THE COURT TO GRANT PERMISSION FOR THE INSTANT COMPLAINT TO
PROCEED IN-FORMA-PAUPERIS. HEREIN, THE PLAINTIFF CHARGES, CLAIMS,
AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW,
COMMITTED ACTS IN VIOLATION OF HIS FIDUCIARY RESPONSIBILITY AGAINST
AGAINST DR. RABBI K. A. ISRAEL, CAUSING INJURIES TO THE PLAINTIFF.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS
IN VIOLATION OF <u>42 U.S.C. ss 1983</u>, AGAINST DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS
IN VIOLATION OF <u>TITLE 42; CHAPTER (21); SUBCHAPTER (I); ss 1985;</u>
<u>PARAGRAPHS (2) AND (3)</u> AGAINST DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS
IN VIOLATION OF <u>TITLE 15; COMMERCE AND TRADE; CHAPTER (1);</u>
<u>MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE; SECTION (13);</u>
<u>DISCRIMINATION IN PRICE, SERVICES, OR FACILITIES; (a) PRICE;</u>
<u>SELECTION OF CUSTOMERS</u>, CAUSING INJURIES TO THE PLAINTIFF.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT UNDER, AND PURSUANT TO, TITLE <u>15 CH. (1) ss 13(b);</u>
THE "<u>BURDEN OF REBUTTING PRIMA-FACIE CASE OF DISCRIMINATION,</u>" IS,
UPON THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS
<u>IN VIOLATION OF THE A.B.A. MOD. RULES OF PROF. CONDUCT,</u>

2.

RULE(S) 3.7(a); MIS-APPROPRIATION, AND THE SUPREME COURT OF
(THE STATE OF) ILLINOIS RULES OF PROFESSIONAL CONDUCT; RULE(S):
8.4; MISCONDUCT: 8.4(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), AND
9(A), THEREBY AND THEREFROM CAUSING INJURIES UPON THE PERSON
AND THE PROPERTY OF THE PLAINTIFF, DR. RABBI K. A. ISRAEL.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THE LAW PROVIDES FOR THE PLAINTIFF TO FILE THIS
CIVIL LAWSUIT, TO SEEK A REDRESS OF GRIEVANCES, AND TO SEEK
MONETARY DAMAGES FROM THE DEFENDANT, THOMAS M. LAKE, ATTORNEY
AT LAW, AND TO SEEK MONETARY DAMAGES FROM THE INSURERS OF
THOMAS M. LAKE, ATTORNEY AT LAW, UNDER, AND PURSUANT TO
28 U.S.C. ss 1343; CIVIL RIGHTS AND ELECTIVE FRANCHISE: (a),
(a)(1), (a)(2), (a)(3), (a)(4), AND UNDER, AND PURSUANT TO,
28 U.S.C. ss 1357; INJURIES UNDER FEDERAL LAWS.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THE LAW UNDER, AND PURSUANT TO, TITLE 15 CH. (1)
SECTION (15); SUITS BY PERSONS INJURED: (a): PREJUDGMENT INTEREST,
PROVIDES FOR THE FILING OF THIS CIVIL LAWSUIT IN THE INSTANT
DISTRICT COURT, BY THE PLAINTIFF, TO SEEK REDRESS OF GRIEVANCES,
AND TO SEEK MONETARY DAMAGES FROM THOMAS M. LAKE, ATTORNEY AT LAW,
AND TO SEEK MONETARY DAMAGES FROM THE INSURERS OF SAID DEFENDANT.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW,
COMMITTED ACTS IN VIOLATION OF 42 u.s.c. SECTION 1981; EQUAL
RIGHTS UNDER THE LAW: (a): STATEMENT OF EQUAL RIGHTS, (b) "MAKE
AND ENFORCE CONTRACTS" DEFINED, (c): PROTECTION AGAINST IMPAIRMENT,
AND THAT SAID DEFENDANT ALSO VIOLATED 42 U.S.C. SECTION 1982;
PROPERTY RIGHTS OF CITIZENS, AND THEREBY CAUSED INJURIES TO THE
PERSON AND TO THE PROPERTY OF DR. RABBI K. A. ISRAEL..

3.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND
COMPLAINS THAT THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED ACTS
IN VIOLATION OF ARTICLE (III) SECTION (1) & (2), ARTICLE (IV)
SECTION(S) (1) & (2), ARTICLE (VI) PARAGRAPH(S) (2) & (3), AND
AMENDMENT(S) (I), (IV), (V), (VI), (VII), (VIII), (IX), (X),
(XIII), (XIV): SECTION (1), AND (XV) TO THE CONSTITUTION OF THE
UNITED STATES OF AMERICA, ET AL., CAUSING INJURIES TO THE PERSON
AND TO THE PROPERTY OF THE PLAINTIFF.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, PRAYS FOR LEAVE OF
THE COURT FOR A JURY TRIAL FOR ALL OF THE ISSUES SO TRIABLE
UNDER, AND PURSUANT TO, F.R.C.P. (38) JURY TRIAL OF RIGHT, (a):
RIGHT PRESERVED, (b): DEMAND, (c) SAME: SPECIFICITY OF ISSUES,
AND UNDER, AND PURSUANT TO, F.R.C.P. (40): ASSIGNMENT OF CASES
FOR TRIAL (1), (2), AND (3).

IN FURTHERANCE OF SAID PRAYERS FOR LEAVE OF THE COURT, AND
IN SUPPORT OF SAID CLAIMS, CHARGES, AND COMPLAINTS, THE PLAINTIFF
FURTHER STATES:

(1.) ON SEPTEMBER 05, 2007, THE HONORABLE JUDGE R. CASTILLO,
OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION, UPON THE MOTION BY THE PLAINTIFF IN THE INSTANT
ACTION, DR. RABBI K. A. ISRAEL, FOR THE APPOINTMENT OF PROFESSIONAL
LEGAL COUNSEL UNDER, AND PURSUANT TO, THE EQUAL PROTECTION OF THE
LAWS CLAUSE, SECTION (1), OF THE FOURTEENTH AMENDMENT TO THE
CONSTITUTION OF THE UNITED STATES OF AMERICA, GRANTED THE
APPOINTMENT OF PROFESSIONAL LEGAL COUNSEL THROUGH THE DISTRICT
COURT'S "ANONYMOUS ATTORNEY APPOINTMENT SYSTEM," IN CIVIL ACTION
NUMBER: 1:07-CV-04702.

4.

(2.) ON SEPTEMBER 07, 2007, THE PLAINTIFF, DR. R. ISRAEL,
RESPONDED TO A "VOICE-MAIL TELEPHONE MESSAGE" FROM THE DEFENDANT,
THOMAS M. LAKE, ATTORNEY AT LAW, WHICH STATED THAT THE DEFENDANT
HAD BEEN APPOINTED LEGAL COUNSEL FOR THE PLAINTIFF, DR. ISRAEL,
AND AS LEGAL COUNSEL FOR THE PLAINTIFF'S SISTER AND WARD,
MS. BEATRICE DEMETRICE GARTH.

(3.) ON SEPTEMBER 07, 2007, DR. RABBI K. A. ISRAEL, RETURNED
THE TELEPHONE CALL TO ATTORNEY THOMAS M. LAKE, AT WHICH TIME, THE
DEFENDANT ASKED THE  PLAINTIFF TO EXPLAIN THE CIRCUMSTANCES OF
THE CIVIL ACTION WHICH WAS THEN BEFORE THE HONORABLE JUDGE
RUBEN CASTILLO.

(4.) IN RESPONSE TO THE PLAINTIFF'S EXPLAINATIONS, THE
DEFENDANT, ATTORNEY THOMAS M. LAKE, STATED THAT HE WAS "NOT
FAMILIAR WITH THE FEDERAL CONSTITUTION." THE DEFENDANT STATED
THAT HE WAS "NOT FAMILIAR WITH THE FEDERAL STATUTES." THE
THE DEFENDANT, ATTORNEY THOMAS M. LAKE, STATED THAT HE WAS
"NOT FAMILIAR WITH THE FEDERAL COURT'S SYSTEMS," THE DEFENDANT
THE DEFENDANT STATED THAT "THE FEDERAL COURT'S SYSTEMS WERE
MUCH MORE 'TECHNICAL' AND 'COMPLICATED,' THAN THE CIRCUIT COURT'S
SYSTEMS."

(5.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES,
AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, MADE
FALSE AND MISLEADING COMMUNICATIONS ABOUT THE LAWYER, HIMSEL, AND
THE LAWYER'S SERVICES. AND THAT HE, THE DEFENDANT,
ATTORNEY THOMAS M. LAKE, MADE MATERIAL MIS-REPRESENTATIONS OF
THE FACTS AND LAW, AND THAT HE OMITTED FACTS NECESSARY TO MAKE
THE STATEMENTS, AS A WHOLE, MATERIALLY MIS-LEADING.

5.

(6.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, CREATED CREATED UNJUSTIFIED EXPECTATIONS ABOUT THE RESULTS THAT HE COULD ACHIEVE, AND THAT HE STATED AND IMPLIED THAT HE COULD ACHIEVE RESULTS BY MEANS WHICH VIOLATE THE FEDERAL LAWS AND RULES AND BY MEANS WHICH VIOLATE THE STATE OF ILLINOIS LAWS AND RULES.

(7.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, COMPARED HIS LAWYERS' SERVICES WITH OTHER LAWYER'S SERVICES WHEN THE COMPARISON COULD NOT BE FACTUALLY SUBSTANTIATED.

(8.) AT THE CONCLUSION OF THE TELEPHONE CONVERSATION ON SEPTEMBER 07, 2007, THE PLAINTIFF, DR. RABBI K. A. ISRAEL, AND THE DEFENDANT, ATTORNEY THOMAS M. LAKE, AGRRED TO MEET AT THE OFFICES OF THE DEFENDANT WHICH ARE LOCATED AT 30 NO. LASALLE ST., SUITE 2800, CHICAGO, ILLINOIS, 60602, AT 3:00 P.M., SEPT. 11, 2007. SAID MEETING LASTED FOR APPROXIMATELY (90) NINETY MINUTES, WITH STATEMENTS AND COMMUNICATIONS THE SAME AS HAVE BEEN DESCRIBED HERE-TO-FORE, AND AS WILL BE DESCRIBED HERE-IN-AFTER.

(9.) ON SEPTEMBER 27, 2007, DR. RABBI K. A. ISRAEL, THE PLAINTIFF, FILED A "MOTION FOR THE APPOINTMENT OF AN EXPERT FEDERAL CONSTITUTION AND FEDERAL STATUTE ATTORNEY," AND TO THANK THE HONORABLE JUDGE RUBEN CASTILLO FOR THE APPOINTMENT OF A PERSONAL INJURY ATTORNEY, THE DEFEDNANT, ATTORNEY THOMAS M. LAKE, THE HEARING WAS SCHEDULED FOR SEPTEMBER 26, 2007, AT 9:45 A.M..

6.

(10.) AT THE HEARING, THE HONORABLE JUDGE RUBEN CASTILLO REMINDED THE PLAINTIFF, DR. RABBI K. A. ISRAEL, THAT THE "SYSTEMS USED BY THE DISTRICT COURT FOR THE APPOINTMENT OF LEGAL COUNSEL IS AN ANONYMOUS ATTORNEY APOINTMENT SYSTEM." THE COURT ORDERED "EXPEDITED DISCOVERY." THE PLAINTIFF'S "MOTION FOR THE APPOINTMENT OF AN 'EXPERT FEDERAL CONSTITUTION AND FEDERAL STATUTE ATTORNEY,' " WAS DENIED. THE DEFENDANT STATED IN COURT THAT HE HAD NOT YET DONE ANY WORK ON THE PLAINTIFFS' CIVIL ACTION. THE PLAINTIFF, DR. RABBI K. A. ISRAEL, FILED AN ORAL PETITION WITH THE COURT OF THE HONORABLE JUDGE RUBEN CASTILLO, SEEKING TO HAVE SANCTIONS BROUGHT AGAINST "THE LEGAL COUNSEL FOR THE DEFENDANTS FOR FAILURE TO APPEAR, " IN RESPONSE TO THE NUMEROUS "NOTICES OF LAWSUIT, AND NOTICES OF MOTIONS," WHICH HAD BEEN SERVED UPON THE DEFENDANTS, BY THE PLAINTIFF HIMSELF, SINCE THE COMMENCEMENT OF THE CIVIL ACTION ON AUGUST 20, 2007.

THE HONORABLE JUDGE RUBEN CASTILLO GRANTED THE PLAINTIFF'S ORAL MOTION UNDER THE HEADING OF "PLAINTIFF'S ORAL MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT."

(11.) IN RESPONSE TO A COMPLAINT FILED BY THE PLAINTIFF, DR. RABBI K. A. ISRAEL, ON @ OCTOBER 16, 2007, WITH THE OFFICES OF THE ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, COMPLAINT NUMBER: (07-CI-4727); WITH THE SENIOR LEGAL COUNSEL ALTHEA K. WELSH, THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, WROTE:

"I AM A MEMBER OF THE ILLINOIS STATE BAR AS WELL AS THE FEDERAL TRIAL BAR. ON OCCASION, I HAVE BEEN APPOINTED TO REPRESENT PRO-SE LITIGANTS IN THE FEDERAL DISTRICT COURT. ON SEPTEMBER 07, 2007, I WAS 'PERSONALLY APPOINTED' BY JUDGE RUBEN CASTILLO TO REPRESENT THE PLAINTIFF'S IN A

7.

CASE PENDING IN THE NORTHERN DISTRICT OF ILLINOIS UNDER
THE CASE CAPTION DR. RABBI K. A. ISRAEL, ET AL., V.
BURNHAM HEALTH PROPERTIES FACILITY, o7-CV-4702. I
WAS APPOINTED PURSUANT TO MR. ISRAEL'S MOTION TO
APPOINT COUNSEL."

"DURING THE COURSE OF THE FEDERAL LAWSUIT, JUDGE CASTILLO
REQUESTED THAT I ISSUE LIMITED DISCOVERY TO DETERMINE
WHETHER THE FEDERAL LAWSUIT HAD ANY BASIS IN FACT."

(12.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES,
AND COMPLAINS THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, IS
BEING DIS-INGENUOUS, AND INTENTIONALLY DECEITFUL, IN REGARDS TO
"STATEMENTS," "REQUESTS," AND "PERSONAL APPOINTMENT," MADE TO
HIM, THE DEFEFENDANT, BY THE HONORABLE JUDGE RUBEN CASTILLO.

(13.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, RECEIVED A
TELEPHONE CALL FROM THE DEFENDANT, ATTORNEY THOMAS M. LAKE,
ON SATURDAY, SEPTEMBER 29, 2007. THE DEFENDANT, ATTORNEY LAKE,
INFORMED THE PLAINTIFF, THAT HE, THE DEFENDANT, WAS "ABOUT TO
BEGIN WORK ON THE CIVIL ACTION" THAT WAS BEFORE THE HONORABLE
JUDGE RUBEN CASTILLO. THE DEFENDANT, ATTORNEY THOMAS M. LAKE,
ASKED THE PLAINTIFF WHETHER HE HAD RECEIVED ANY RESPONSE FROM
THE COMPLAINTS THAT THE PLAINTIFF HAD FILED WITH THE ILLINOIS
DEPARTMENT OF PUBLIC HEALTH, THE OFFICES OF THE ATTORNEY GENERAL
FOR THE STATE OF ILLINOIS, LISA MADIGAN, THE OFFICES FOR THE
STATES ATTORNEY FOR COOK COUNTY, YVONNE CLIFFORD, THE OFFICES
FOR THE ILLINOIS STATE POLICE, DES PLAINES, ILLINOIS, THE POLICE
DEPARTMENT FOR THE VILLAGE OF BURNHAM, ILLINOIS, ET AL..
THE PLAINTIFF SENT, BY ELECTRONIC-MAIL, ALL OF THE INFORMATION.

(14.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, DISMISSED THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, FROM ALL DUTIES ON OCTOBER 01, 2007.

(15.) ON @ OCTOBER 02, 2007, THE PLAINTIFF, DR. R. ISRAEL, FILED HIS "MOTION TO PROCEED ON APPEAL IN-FORMA-PAUPERIS UNDER, AND PURSUANT TO F.R.A.P. 3(a)(1) THROUGH F.R.A.P. 4(a)(1)(A) AND THROUGH F.R.A.P. 5(d)(3), AND UNDER, AND PURSUANT TO, F.R.E. (603)," IN AN "EMERGENCY MOTION," IN THE ACTION THAT THAT WAS BEFORE THE HONORABLE JUDGE RUBEN CASTILLO'S COURT-ROOM.

(16.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, INDUCED OTHERS TO ENGAGE IN CONDUCT AND THAT THE DEFENDANT GAVE ASSISTANCE TO THE CONDUCT OF OTHERS, WHEN THE DEFENDANT KNEW THAT SUCH CONDUCT WAS IN VIOLATION OF THE ILLINOIS SUPREME COURT RULES OF PROFESSIONAL CONDUCT, AND IN VIOLATION OF THE AMERICAN BAR ASSOCIATION MODEL RULES OF PROFESSIONAL CONDUCT, AND IN VIOLATION OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, AND IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURES, AND IN VIOLATION OF THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, AND IN VIOLATION OF THE RULES OF THE SUPREME COURT OF THE UNITED STATES OF AMERICA, CAUSING INJURIES TO THE PERSON AND TO THE PROPERTY OF DR. RABBI K. A. ISRAEL.

(17.) DR. RABBI K. A. ISRAEL, THE PLAINTIFF, CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, COMMITTED CRIMINAL ACTS THAT REFLECT ADVERSELY UPON THE DEFENDANT'S HONESTY, TRUST-WORTHINESS AND FITNESS AS AN ATTORNEY AT LAW. THE DEFENDANT ENGAGED IN CONDUCT INVOLVING DIS-HONESTY, FRAUD, DECEIT, --

9.

AND MIS-REPRESENTATION.

(18.) FURTHERMORE, THE PLAINTIFF, DR. RABBI K. A. ISRAEL,
CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, ATTORNEY
THOMAS M. LAKE, ENGAGED IN CONDUCT THAT IS PREJUDICIAL TO THE
ADMINISTRATION OF JUSTICE. THE DEFENDANT, ATTORNEY THOMAS M. LAKE,
ENGAGED IN ADVERSE DISCRIMINATORY TREATMENT OF THE PLAINTIFF,
DR. RABBI K. A. ISRAEL, OTHER LITIGANTS, OTHER WITNESSES, AND
OTHER LAWYERS, BASED ON THE DEFENDANT'S PREJUDICE AND BIAS
AGAINST THE INSTANT PLAINTIFF'S' ETHNICITY (RACE), GENDER (SEX),
THEOLOGY (RELIGION), NATIONAL ORIGIN, DISABILITY, AGE, AND
SOCIO-ECONOMIC STATUS.

(19.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES,
AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW,
COMMITTED ACTS IN VIOLATION OF FEDERAL, STATE, AND LOCAL STATUTES
AND ORDINANCES THAT PROHIBIT DISCRIMINATION BASED ON ETHNICITY
(RACE), GENDER (SEX), THEOLOGY (RELIGION), NATIONAL ORIGIN,
DISABILITY, AGE, AND SOCIO-ECONOMIC STATUS BY CONDUCT THAT
REFLECTS ADVERSELY ON THE DEFENDANT'S FITNESS AS AN ATTORNEY AT
LAW, CAUSING INJURIES TO THE PERSON AND TO THE PROPERTY OF
DR. RABBI K. A. ISRAEL.

(20.) ON OCTOBER 10, 2007, THE PLAINTIFF, DR. R. ISRAEL,
CLAIMS, CHARGES, AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE,
ATTORNEY AT LAW, APPEARED DURING A PROBATE GUARDIANSHIP HEARING,
IN THE COURT-OOM OF THE HONORABLE JUDGE LYNNE KAWAMOTO OF THE
CIRCUIT COURT OF COOK COUNTY, ILLINOIS, AND WITH DECEITFULNESS,
DIS-INGENUOUSNESS, AND WITH MIS-RESPRESENTATION, STATED THAT HE,
ATTORNEY T. M. LAKE, WAS THE LEGAL COUNSEL FOR THE PLAINTIFF.

(21.) ON OCTOBER 11, 2007, AT APPROXIMATELY 10:44 A.M., THE PLAINTIFF, DR. RABBI K. A. ISRAEL, ARRIVED AT THE COURT-ROOM OF THE HONORABLE JUDGE RUBEN CASTILLO, AND AT THE OFFICES OF THE DEPUTY FOR THE HONORABLE JUDGE, DEPUTY RUTH O'SHEA, IN THE EXPECTATION THAT THE PLAINTIFF'S "EMERGENCY MOTION TO PROCEED ON APPEAL IN-FORMA-PAUPERIS," FILED ON @ OCTOBER 02, 2007, WOULD COME TO BE HEARD BEFORE THE COURT AT 10:45 A.M.. DEPUTY RUTH O'SHEA INFORMED THE PLAINTIFF, DR. ISRAEL, THAT THE "EMERGENCY MOTION" HAD BEEN HEARD AT 9:45 A.M., AND THAT THE HONORABLE JUDGE RUBEN CASTILLO HAD DENIED THE MOTION. DEPUTY RUTH O'SHEA ALSO REMINDED THE PLAINTIFF THAT THE HONORABLE JUDGE HAS INSTRUCTED HIM, THE PLAINTIFF, THAT HE SHOULD NOT FILE ANY MORE PRO-SE MOTIONS AND THAT PLAINTIFF SHOULD HAVE ALL MOTIONS FILED THROUGH HIS COURT-APPOINTED ATTORNEY.

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, EXPLAINED TO THE HONORABLE JUDGE'S DEPUTY, DEPUTY RUTH O'SHEA, THAT THE PLAINTIFF'S COURT-APPINTED ATTORNEY, THE DEFENDANT, ATTORNEY THOMAS M. LAKE, HAD BEEN DIS-MISSED BY THE PLAINTIFF ON OCTOBER 01, 2007, AND THAT THE PLAINTIFF, DR. ISRAEL, HAD EXPECTED THAT THE DEFENDANT, ATTORNEY THOMAS M. LAKE, WOULD HAVE, AND SHOULD HAVE, NOTIFIED THE COURT BY NOW.

DEPUTY RUTH O'SHEA THEN INSTRUCTED THE PLAINTIFF, DR. ISRAEL, THAT, EITHER HE, THE PLAINTIFF, SHOULD FILE A "MOTION FOR DISMISSAL OF THE COURT-APPOINTED ATTORNEY" OR, THAT HE SHOULD INSTRUCT THE ATTORNEY TO FILE A "MOTION FOR WITHDRAWAL."

(22.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, FILED ON OCTOBER 22, 2007, " PLAINTIFF'S NOTICE OF FILING OF THE DISMISSAL OF ATTORNEY THOMAS M. LAKE, ET AL., UNDER, AND PURSUANT TO,

THE AMERICAN BAR ASSOCIATION MODEL RULES OF PROFESSIONAL CONDUCT:
RULE 3.7(a); MIS-APPROPRIATION, AND THE ILLINOIS SUPREME COURT
RULES FOR PROFESSIONAL CONDUCT, RULE(S) 8.4; MISCONDUCT,  8.4(a)(1),
8.4(a)(2), 8.4(a)(3), 8.4(a)(4), 8.4(a)(5), AND 9(A), AS OF
OCTOBER 01, 2007."

(23.) THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW, FILED
ON OCTOBER 23, 2007, HIS "NOTICE OF MOTION BY THOMAS M. LAKE FOR
PRESENTMENT OF MOTION TO WITHDRAW AS ATTORNEY BEFORE
HONORABLE RUBEN CASTILLO ON 10/31/2007 AT 09:45 AM." THE DEFENDANT
ALSO FILED THE ACTUAL MOTION TO WITHDRAW, ITSELF, ON OCTOBER 23, 2007.

(24.) THE PLAINTIFF DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES,
AND COMPLAINS THAT, ON OCTOBER 31, 2007, DURING THE HEARING FOR
THE DISMISSAL OF THE DEFENDANT   AS ATTORNEY FOR THE PLAINTIFF,
IN THE COURTROOM OF THE HONORABLE JUDGE RUBEN CASTILLO, THE
DEFENDANT, ATTORNEY THOMAS M. LAKE, STATED THAT THE ONLY PERSON
TO WHOM HE HAD INQUIRED REGARDING THE FACTS OF THE CIVIL ACTION
WHICH WAS BEFORE THE COURT WAS FROM SOME FOURTH-PARTY GOSSIP AND
HEARSAY, FROM A WOMAN WHO LIVES IN AUGUSTA, GEORGIA, AND WHOM
DIS NOT ARRIVE IN THE CITY OF CHICAGO, ILLINOIS, UNTIL MORE THAN
(25) TWENTY-FIVE DAYS AFTER THE CRIMES COMPLAINED OF IN THE
IN THE INSTANT PLAINTIFF'S ORIGINAL COMPLAINT.

(25.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CLAIMS, CHARGES,
AND COMPLAINS THAT THE DEFENDANT, THOMAS M. LAKE, ATTORNEY AT LAW,
WAS DISMISSED BY THE HONORABLE JUDGE RUBEN CASTILLO ON OCTOBER 31,
2007 BUT, THE DEFENDANT REMAINS INVOLVED IN THE INSTANT PLAINTIFF'S
LEGAL MATTERS, AS RECENTLY AS A PROBATE GUARDIANSHIP HEARING THAT
WAS HELD ON NOVEMBER 16, 2007, IN THE COURTROOM OF THE

12.

HONORABLE JUDGE LYNNE KAWAMOTO, OF THE CIRCUIT COURT OF COOK,
COUNTY, ILLINOIS. THE PLAINTIFF ALSO CLAIMS, CHARGES AND
COMPLAINS THAT HE HAS SOUGHT TO HAVE THE ORIGINAL DOCUMENTS
THAT HE, THE PLAINTIFF, DELIVERED TO THE DEFENDANT, ATTORNEY LAKE,
AND ALSO THE NAMES OF THE PEOPLE TO WHOM THE DEFENDANT DIVULGED
SAID DOCUMENTS AND SAID PRIVILEGED INFORMATION(S).

IN CONCLUSION, THE PLAINTIFF, DR. RABBI K. A. ISRAEL, HAS LEARNED
LEARNED THE FOLLOWING: (1.) THERE SHOULD BE BROUGHT INTO
EXISTANCE "A FUND AND ACCOUNT FOR THE PAYMENT OF ATTORNEYS WHOM
ARE APPOINTED BY THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION," WITH
"COMPETITIVE ATTORNEY'S FEES" PAYED FROM MONIES PROVIDED BY THE
CONGRESS OF THE UNITED STATES OF AMERICA, THE UNITED STATES
DEPARTMENT OF STATE, AND THE UNITED STATES DEPARTMENT OF JUSTICE.
(2.) THE "SYSTEMIC" DEFICIENCIES, POLICY DEFICIENCIES AND
PROCEDURAL DEFICIENCIES, AND THE FACT THAT ATTORNEYS, ALSO,
BRING WITH THEM THEIR PREJUDICES, BIASES, AND DISCRIMINATIONS
IN REGARDS TO THE LITIGANT PARTY'S ETHNICITY, GENDER, THEOLOGY,
AGE, SOCIO-ECONOMIC STATUS, ET AL., CAN BEST BE ADDRESSED BY THE
DISTRICT COURT'S FOLLOWING THE OPINION OF THE HONORABLE SUPREME
SUPREME COURT JUSTICE HEIPLE, WRITTEN ON PAGE (10) OF THE RULES
GOVERNING THE LEGAL PROFESSION AND THE JUDICIARY: JULY 01, 1992;

"ILLINOIS SUPREME COURT JUSTICE HEIPLE, DISSENTING:

BY THE AMENDMENT TO RULE (711) AND BY RULE (703), WHICH WAS
PREVIOUSLY ADOPTED, THIS COURT RECOGNIZES ONLY LAW SCHOOLS WHICH
HAVE BEEN APPROVED BY THE AMERICAN BAR ASSOCIATION. I BOTH DISSENT
AND OBJECT TO THESE RULES BECAUSE THEY REPRESENT AN IMPROPER

13.

DELEGATION OF A GOVERNMENTAL AND JUDICIAL FUNCTION TO A TRADE
ASSOCIATION OF LAWYERS."

"IT IS IMPROPER FOR THIS COURT TO ASSIGN  AND DELEGATE
TO THAT ORGANIZATION THE ULTIMATE DECISION MAKING FUNCTION OF
DECIDING FOR THE STATE OF ILLINOIS WHICH LAW SCHOOLS WARRANT
OFFICIAL RECOGNITION. IT WOULD BE PROPER, OF COURSE, FOR THIS
COURT, AND ITS BOARD OF LAW EXAMINERS (NOW, BOARD OF ADMISSIONS
TO THE BAR) TO CONSIDER AND WEIGH THE EVALUATIONS OF THE AMERICAN
BAR ASSOCIATION IN CONSIDERING WHICH LAW SCHOOLS ARE TO BE
APPROVED. THE WORK OF THE AMERICAN BAR ASSOCIATION IN EVALUATING
LAW SCHOOLS COULD BE CONSIDERED AS RELEVANT EVIDENCE IN THAT
REGARD. NO OBJECTION COULD BE RAISED TO THE PROCEDURE."

"THIS COURT, HOWEVER, HAS NO RIGHT TO DELEGATE ITS
DECISION MAKING FUNCTION TO THE AMERICAN BAR ASSOCIATION, THE
TEAMSTERS UNION, THE REPUBLIC OF UGANDA OR ANY OTHER SUCH BODY
OR GROUP. IF THE RULE ASSERTS A VALID PRINCIPLE OF LAW, THEN
THIS COURT COULD AS WELL ASSIGN ALL OF ITS DECISION MAKING
FUNCTIONS TO OTHERS WHO MIGHT BE CONSIDERED EXPERTS IN THEIR
FIELD. FOR THE REASONS GIVEN, I RESPECTFULLY DISSENT."
HONORABLE JUDGE HEIPLE; SUPREME COURT OF THE STATE OF ILLINOIS.

RESPECTFULLY SUBMITED BY:

DATE: 11.25.2007    SIGNED: Dr. Rabbi K. A. Israel

DR. RABBI K. A. ISRAEL, CONSULAR ATTORNEY,
ALSO KNOW AS,
DR. RABBI K. GARTH RICHARDSON,
CONSULAR ATTORNEY,
PARALEGALS FOR CIVIL RIGHTS AND HUMAN
RIGHTS, INTERNATIONALE,
F.E.I.N. 87-0656393,
P.O. BOX 803241, CHICAGO, ILLINOIS,
60680-3241,
TELEPHONE: (773)-469-8132

RECEIVED

NOV 26 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



14.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6609 | **DATE** | 12/5/2007 |
| **CASE TITLE** | Israel vs. Lake | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed *in forma pauperis* [4], "Plaintiff's Motion to Correct Clerical Mistakes . . ." [5], and "Plaintiff's Motion to Authorize the Notice of Lawsuit . . ." [6] are denied. Noticed motion date of 12/11/2007 is stricken and case will not be called in court on 12/11/2007. Civil Case Terminated.

■[ For further details see text below.]

Mailed AO 450 form. Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff, Rabbi K.A. Israel ("Israel"), has presented for filing a complaint, as well as:

(1) an *in forma pauperis* application,

(2) "Plaintiff's Motion to Correct Clerical Mistakes in the Court's Docket in Accordance with the Original 'Case-Caption' and 'Civil-Coversheet' Under, and Pursuant to F.R.C.P. 60(a); Clerical Mistakes," and

(3) "Plaintiff's Motion to Authorize the Notice of Lawsuit and Request for Waiver of Service of Summonses, Upon the Defendants Under, and Pursuant to, F.R.C.P. (1.) Through F.R.C.P. 4(n)(2) Through F.R.C.P. 86(e)."

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted) .

As best this court can determine, plaintiff appears to be alleging a malpractice action against Thomas M. Lake, an attorney appointed by Judge Castillo to represent Israel in a separate civil action filed by Israel in this district (*Israel* v. *Burnham Health-Properties Facility*, 07 CV 4702 (N.D. Ill.) (complaint filed Aug. 20, 2007)). Israel alleges that Lake:

(a) said he was unfamiliar with practicing law in the federal courts;

(b) made false and misleading statements about his services;

(c) created unjustified expectations about the results that Israel could expect him to achieve;

(d) was disingenuous and deceitful in certain statements that Lake made to the Illinois Attorney Registration and Disciplinary Commission in response to a complaint filed by Israel;

(e) induced others to engage in conduct that Lake knew was in violation of the attorney rules of professional conduct;

(f) committed criminal acts that reflect adversely on Lake's honesty, trustworthiness, and fitness to practice as an attorney;

## STATEMENT

(g) engaged in conduct that is prejudicial to the administration of justice;

(h) engaged in discriminatory treatment of Israel on the basis of ethnicity, race, gender, theology, national origin, disability, age, and socioeconomic status, conduct which reflects adversely on the defendant's fitness as an attorney;

(I) misrepresented during a probate guardianship hearing that Lake was the legal counsel for Israel after Israel had terminated his attorney-client relationship with Lake;

(j) failed to put sufficient effort or work into Israel's case before Judge Castillo;

(k) remained involved in Israel's legal matters after Lake was no longer authorized to represent Israel;

(l) failed to return certain original documents that Israel had provided to him; and

(m) failed to disclose to Israel the names of the people to whom Lake divulged privileged information regarding Israel.

Israel cites a number of federal and state laws in the first four pages of the complaint, including 42 U.S.C. §§ 1981, 1982, 1983, 1985 (civil rights statutes); 15 U.S.C. § 13(a)–(b) (the Robinson-Patman Act, an antitrust statute); the Supreme Court of Illinois's Rules of Professional Conduct; 28 U.S.C. §§ 1343, 1357 (jurisdictional statutes concerning federal civil rights suits); 15 U.S.C. § 15 (a damages statute concerning federal antitrust actions); and Articles III, IV and VI, and Amendments I, IV, V, VI, VII, VIII, IX, X, XIII, and XIV of the United States Constitution.  In spite of the numerous federal statutes he cites, Israel does not appear to allege conduct that presents a question arising under the Constitution or laws of the United States over which this court could assume jurisdiction under 28 U.S.C. § 1331.  Rather, it appears to be a straightforward legal malpractice action between citizens of Illinois, which is generally not cognizable under federal law. *See, e.g.*, *Wallin* v. *Arapahoe County Detention Facility*, 2007 WL 2153224, at *3 (10th Cir. July 27, 2007) (noting that "a legal malpractice claim is a state-law tort claim, not a § 1983 claim"); *see also Polk County* v. *Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").  In order for this court to assume jurisdiction over a non-federal claim, plaintiff must demonstrate, among other things, that the matter is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).  Unless plaintiff can allege such diversity of citizenship as well as more than $75,000 in controversy, there could be no federal jurisdiction even if leave to amend were granted.  The court thus dismisses this case, although without prejudice to plaintiff's filing a complaint with an appropriate Illinois court.  Plaintiff's pending motions are denied.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Israel                                    **JUDGMENT IN A CIVIL CASE**

                v.                        Case Number: 07 C 6609

Lake

☐    Jury Verdict.  This action came before the Court for a trial by jury.  The issues have been tried and the jury rendered its verdict.

☐    Decision by Court.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed for lack of subject matter jurisdiction.

Michael W. Dobbins, Clerk of Court

Date: 12/5/2007

_____
/s/ Michael Dooley, Deputy Clerk

# United States District Court
## Northern District of Illinois
### Eastern Division

Israel

JUDGMENT IN A CIVIL CASE

v.

Case Number: 07 C 6609

Lake

☐ Jury Verdict.  This action came before the Court for a trial by jury.  The issues have been tried and the jury rendered its verdict.

☐ Decision by Court.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed for lack of subject matter jurisdiction.

Michael W. Dobbins, Clerk of Court

Date: 12/5/2007

_____
/s/ Michael Dooley, Deputy Clerk

APPEAL, MASON, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06609
## Internal Use Only

Israel v. Lake et al
Assigned to: Honorable Joan H. Lefkow
Demand: $2,777,000
Cause: 28:1331 Fed. Question: Employment
Discrimination

Date Filed: 11/26/2007
Date Terminated: 12/05/2007
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**CONSULAR Rabbi K.A. Israel**
*Counsular Atty., Brother of, and the
Guardian for, Ms. Beatrice Demetrice
Garth*

represented by **Rabbi K.A. Israel**
Madagascar Island Charter Schools
P.O. Box 803241
Chicago, IL 60680-3241
773-540-4836
Email: bioengenetics@yahoo.com
PRO SE

V.

**Defendant**

**Thomas M Lake**
*Attorney at Law*

**Defendant**

**Insurers of Thomas Martin Lake**
*Attorney at Law*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2007 | 1 | RECEIVED Complaint and no copies by Rabbi K.A. Israel. (ef, ) (Entered: 11/27/2007) |
| 11/26/2007 | 2 | CIVIL Cover Sheet. (ef, ) (Entered: 11/27/2007) |

| | | |
|---|---|---|
| 11/26/2007 | **3** | PRO SE Appearance by Plaintiff Rabbi K.A. Israel. (ef, ) (Entered: 11/27/2007) |
| 11/26/2007 | **4** | APPLICATION by Plaintiff Rabbi K.A. Israel for leave to proceed in forma pauperis. (Poor Quailty Original - Paper Document on File.) (ef, ) Modified on 11/27/2007 (tlm). (Entered: 11/27/2007) |
| 11/30/2007 | **5** | MOTION by Plaintiff Rabbi K.A. Israel to amend/correct clerical mistakes in the Court's Docket. (tlm) (Entered: 12/03/2007) |
| 12/03/2007 | **6** | NOTICE of Motion by Rabbi K.A. Israel for presentment of motion to amend/correct **5** before Honorable Joan H. Lefkow on 12/11/2007 at 9:00 AM. (tlm) (Entered: 12/03/2007) |
| 12/05/2007 | **7** | MINUTE entry before Judge Joan H. Lefkow :Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed in forma pauperis **4**, "Plaintiff's Motion to Correct Clerical Mistakes..." **5**, and "Plaintiff's Motion to Authorize the Notice of Lawsuit... " **6** are denied. Noticed motion date of 12/11/2007 is stricken and case will not be called in court on 12/11/2007. Civil Case Terminated. Mailed notice (mad, ) (Entered: 12/05/2007) |
| 12/05/2007 | | (Court only) ***Civil Case Terminated. (mad, ) (Entered: 12/05/2007) |
| 12/05/2007 | **8** | ENTERED JUDGMENT on 12/5/2007:Mailed notice(mad, ) (Entered: 12/05/2007) |
| 12/26/2007 | **9** | MOTION by Plaintiff Rabbi K.A. Israel for leave to appeal in forma pauperis, for declaratory judgment, and for judicial notice of adjudicative facts. (tlm) (Entered: 01/02/2008) |
| 12/26/2007 | **10** | NOTICE of Motion by Rabbi K.A. Israel for presentment of motion for leave to appeal in forma pauperis, motion for declaratory judgment, and motion for miscellaneous relief **9** before Honorable Joan H. Lefkow on 1/8/2008 at 9:00 AM. (tlm) (Entered: 01/02/2008) |
| 01/04/2008 | **11** | NOTICE of appeal by Rabbi K.A. Israel regarding orders **7**, **8** (ifp pending) (dj, ) (Entered: 01/09/2008) |
| 01/04/2008 | **12** | DOCKETING Statement by Rabbi K.A. Israel regarding notice of appeal**11** (dj, ) (Entered: 01/09/2008) |
| 01/09/2008 | **13** | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 01/09/2008) |